IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO.  A-05-CR-090(3) LY |
| | § | |
| CECILIA LYNN WALTERS | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on July 29, 2014, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.  PROCEDURAL BACKGROUND

On September 23, 2005, the Defendant was sentenced to 121 months in prison, and five years of supervised release, on both counts on an indictment charging her with conspiracy to possess with intent to distribute, and possession with intent to distribute, more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841.  The Defendant was released from the Bureau of Prisons and began supervision on January 14, 2014.

The Defendant began her supervision residing with her father in Arlington, Texas.  However, when she relapsed into drug use, her father would no longer allow her to live with him, and she

returned to Austin and contacted her Probation Officer here. She admitted to cocaine use, and agreed to a modification of her conditions requiring residential substance abuse treatment. She began treatment on June 13, 2014, at the Alpha House in San Antonio. She apparently did well there until July 15, 2014. On that date she left the facility when she was told that she could not attend a job meeting at a local Goodwill program that she had scheduled for 9:00 a.m. the next day, because she was required to participate in programs at the Alpha House until 12:30 p.m. each day. Six days later, on July 21, 2014, she called her Probation Officer and explained that she had left the facility and returned to Austin, and had recently consumed alcohol, marijuana and cocaine. On that same date the Probation Officer submitted a petition seeking a warrant, which the undersigned authorized. The Defendant was arrested on the warrant on July 22, 2014, when she reported to the Probation Office as instructed.

On July 29, 2014, the Defendant and her attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and her attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of the Petition.

## II.  FINDINGS OF THE COURT

1.   The Defendant was competent to make the decision to plead true to the petition.

2.   The Defendant had both a factual and rational understanding of the proceedings against her.

3.   The Defendant does not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

4.     The Defendant has not had any injury that would affect her judgment in pleading true or that would affect her understanding of the basis, consequences, or effect of her plea.

5.     The Defendant was sane and mentally competent to stand trial for these proceedings.

6.     The Defendant was mentally competent to assist her attorney in the preparation and conduct of her defense.

7.     The Defendant received a copy of the Petition naming her, and she read it.

8.     The Defendant understood the Petition and the charges against her, and had the opportunity to discuss the Petition and charges with her attorney.

9.     The Defendant understood that she had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10.    The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11.    The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12.    The Defendant understood all of her statutory and constitutional rights and desired to waive them.

13.    The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

14.    The Defendant violated conditions of her supervised release by failing to complete the residential substance abuse program and by consuming alcohol, marijuana and cocaine.

### III.  RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant, and has taken into account the policy statements in Chapter Seven

3

of the Sentencing Guidelines.  The most serious violation is a Grade C, and the Defendant's criminal history category is II, resulting in an (advisory) guideline range of 4 to 10 months of imprisonment.

The Defendant's violations stem from impulsive actions that have characterized her life, along with a lack of patience with, and an inability to follow the rules of. the treatment facility.  Other than her drug use, she did not commit any new offenses.  The Defendant has a long history of mental health issues, which no doubt contribute to her poor decision making.  Further, prior to her conviction in this case, the Defendant did not have a serious criminal history, having been convicted of unauthorized use of a vehicle at age 20, and a misdemeanor theft at 27.  The Court believes that both the Defendant and the community would benefit from one more attempt at continued supervision.  If revoked, sentenced to four months imprisonment, and returned to the community with no other support, it is likely that the Defendant will re-offend, and be a burden on society.  On the other hand, if continued with a structured residence there is at least a chance that the Defendant will be successful.  As stressed by the Court during the hearing, this will only occur if the Defendant takes responsibility for her actions, and does the hard work necessary to remain free of drugs, find a job, and create a stable life.  As least at the hearing, the Defendant stated that she intends to put in that work and make a fresh start.  But as also noted at the hearing, because the Defendant is being given a second or third chance, if she again violates, the Court will have no choice but to recommend the revocation of the Defendant's supervised release and a more significant sentence than the low end of the guideline range.  The Defendant stated that she fully understood this.

**ACCORDINGLY IT IS RECOMMENDED** that the Defendant be **CONTINUED** on supervised release with the following modification:

      The defendant shall reside in a Residential Reentry Center for a period of six months. Further, once employed, the defendant shall pay 25% of his/her weekly gross income for her subsistence as long as that amount does not exceed the daily contract rate.

**IT IS FURTHER RECOMMENDED** that the Defendant remain in custody until a space is available at the reentry center.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of July, 2014.

                                                    ANDREW W. AUSTIN
                                                  UNITED STATES MAGISTRATE JUDGE